PLT. & SUM.

# Bowmans *vs* Mize.

ERROR TO THE ESTILL CIRCUIT.

Case 89.          *Heirs. Judgments. Abatement. Practice.*

April 24.      JUDGE MARSHALL delivered the opinion of the Court.

The case stated.

On a note signed H. B., three several persons, H. B.,ᵗA. B. & H. B. Jr., are sued by Pet. Sum., service of process on the two first, & without abatement as to the last, judgment is rendered against all three—the judgment held erroneous, 1st, because no cause of action is shown against A. B. and H. B., Jr. 2d, because no service of process on H. B., Jr., 3d, because error to take judgment against the other two without disposing of the case as to H. B., Jr.

UPON a note signed by Hezekiah Bowman alone, a petition was filed and a summons issued against "Hezekiah Bowman, Andrew Bowman, and Hezekiah Bowman, Jr., the two last, heirs and legal representatives of Hezekiah Bowman, Sr., deceased." And the summons having been returned executed upon Hezekiah Bowman and Andrew Bowman, a judgment was rendered, by default, against the defendants—for the reversal of which this writ of error is prosecuted.

There are several fatal objections to the judgment. If the petition was instituted against three living persons, one of whom was the sole obligor, then *two persons were* sued, against whom no liability is shown, and this objection is entitled to prevail on general demurrer, or *in arrest* of judgment, or as ground of reversal. And if the three defendants had been all liable, *it* was erroneous to proceed to final judgment against two, without any return on the process or disposition of the case as to the third.

Again, one defendant who may be supposed to be the original obligor, is sued in his individual right or character, and the other two are sued as heirs and representatives, either of a fourth person, who is not shown to have had any connection with the note, or of the obligor himself, which, whether he be living or dead, would be an anomaly heretofore, as we suppose, unprecedented.

It is probable that Hezekiah Bowman, the obligor, is dead, and it may be that his name was inserted inadver-

tently, and that Andrew Bowman and Hezekiah Bowman, Jr., were intended to be sued alone, as his heirs; but if this be so, and if the petition was actually in this form or could be now so regarded, still no action at law could be maintained upon a mere due bill or promissory note against the heirs alone of the maker, unless twelve months should have elapsed from his death, without administration being granted on his estate, which fact must, according to the general principles of pleading as well as by the express requisition of the act of 1819, (*Stat. Law*, 780,) "be distinctly averred in the declaration;" and as the petition in this case contains no such averment, (and perhaps it does not admit of any such.) the judgment cannot, under any point of view, be sustained.

Wherefore it is considered that said judgment be reversed and the cause is remanded.

*Turner* for plaintiffs.

KENNEDY'S AD'S
vs
CONN'S ADM'R.

No suit can be brought against heirs unless in conjunction with adm'rs, until one year elapse from the death of intestate, when if none qualifies it must be averred and that one year has elapsed. —*Qu.* Can Pet. and Sum. be bro't in such case.